UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:07-cr-387-CEH-MAP

RODOLPHO CRUZ
_____/

## **O R D E R**

This matter comes before the Court on Defendant's Motion for Reduction of Sentence (Compassionate Release) Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 97). In the motion, Defendant requests this Court enter an order reducing his sentence to time served because of his medical condition and concerns of COVID-19.[1] The Government filed a response in opposition. Doc. 99. The Court, having considered the motion and being fully advised in the premises, will deny without prejudice Defendant's Motion for Reduction of Sentence (Compassionate Release) Pursuant to 18 U.S.C. § 3582(c)(1)(A).

## **DISCUSSION**

Pursuant to a guilty plea entered December 9, 2015, Defendant Rodolpho Cruz was adjudicated guilty of one count of Conspiracy to Distribute and Possess with Intent to Distribute 5 Kilograms or More of Cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). Docs. 69, 78. Defendant was sentenced on March 11,

---

[1] Coronavirus disease 2019, known as COVID-19, is the illness caused by the SARS-CoV-2 virus. On March 11, 2020, the World Health Organization declared COVID-19 a pandemic.

2016, to a total term of 120 months' imprisonment and five years of supervised release. Doc. 78 at 2, 3. Defendant is a 50-year-old white male incarcerated at Lompoc USP with a scheduled release date of September 25, 2023. *See* Federal Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/ (last accessed June 7, 2021). On January 13, 2021, Defendant moved for Compassionate Release requesting modification of his sentence due to the COVID-19 pandemic coupled with his medical condition. Doc. 97. Defendant alleges he contracted the virus which resulted in damage to one of his kidneys. The Government responds in opposition stating that Defendant has failed to pursue, let alone exhaust, administrative remedies. Doc. 99. The Government further argues Defendant has failed to identify extraordinary and compelling reasons for compassionate release.

Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a term of imprisonment upon finding "extraordinary and compelling circumstances," consistent with the applicable policy statements of the Sentencing Commission. Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> > (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a*

2

>> *motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>>
>> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction follows the Sentencing Commission's policy statement. *See id.* Courts

3

are to consider the § 3553(a) factors, as applicable, as part of the analysis. *See* §3582(c)(1)(A).

When seeking compassionate release in the district court, a defendant must first file an administrative request with the Bureau of Prisons ("BOP") and then either exhaust administrative appeals or wait thirty days after submitting his request to the BOP. *See* 18 U.S.C. § 3582(c)(1)(A)(i). A failure to exhaust administrative remedies within the BOP is fatal to a defendant's motion for compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (finding strict compliance with § 3582(c)(1)(A)'s exhaustion requirement is critical). Here, Defendant fails to show he pursued or exhausted administrative remedies. Defendant has proffered no evidence that any request was made to the warden of his facility. While he vaguely references that his name was listed among 1200 inmates considered for home confinement in July 2020, he fails to proffer evidence of this or demonstrate that such meets the administrative exhaustion requirements of the First Step Act. Because there has been no administrative exhaustion, the motion is due to be denied without prejudice.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion for Reduction of Sentence (Compassionate Release) Pursuant to 18 U.S.C. 3582(c)(1)(A) (Doc. 97) is **DENIED without prejudice**.

**DONE AND ORDERED** in Tampa, Florida on June 7, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any